RICHARD WASH V. THE STATE.

No. 16036. Delivered October 25, 1933.
Reported in 63 S. W. (2d) 1035.

The opinion states the case.

*Claude J. Carter, Jr.,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of daytime burglary, and his punishment assessed at confinement in the state penitentiary for a term of two years, from which judgment he appeals.

The appellant's first complaint is that the trial court erred in refusing to peremptorily instruct the jury to return a verdict of not guilty because the state wholly failed to make out a case by any competent evidence and because the evidence wholly fails to connect the defendant with the burglary alleged to have been committed on or about the 5th day of September, 1932. We have carefully reviewed the facts as disclosed by the record and have reached the conclusion that the evidence adduced upon the trial justified the conviction.

By bill of exception No. 1 appellant complains of the argument of the assistant district attorney in employing the following language, to-wit:

"In this case, Gentlemen, the defendant has made an application for a suspended sentence. Contrary to the common idea, we, as prosecutors, are not opposed to the suspended sentence law as a law. We believe that it is a good law and necessary law and we find ourselves recommending it in many cases where the defendant is a young man and his offense a minor one and he comes into court and pleads guilty to the charge imputed to him, but in this case the defendant has plead not guilty and he makes his application for suspended sentence. Now, as a matter of law, the jury cannot appropriate the fact that he has applied for a suspended sentence as any evidence of his guilt in this case and we do not want you to take that fact as any evidence of his guilt, but in order to give this man a suspended sentence what does this jury have to find? First, you must find that he is guilty, and it necessarily follows that you must believe that he is telling a falsehood when he tells you that he is not guilty. In other words, you must believe that he is perjuring himself when he takes this witness stand and tells you he is not guilty of the offense of burglary and when you have found that he has lied to you he asks you to reward him for his perjury and suspend his sentence."

We conclude that the argument as above set forth is not based upon any testimony introduced upon the trial of the case and was prejudicial to the defendant. The law accords to a

man of mature years the privilege of filing a plea for a suspended sentence as well as to a young man. It also accords this privilege to a man who pleads not guilty as well as to a man who pleads guilty, and the suspended sentence law does not only apply to minor offenses but to daytime burglary, murder, etc., when the jury assesses the punishment at confinement in the penitentiary not exceeding a term of five years. The suspension of sentence does not depend on the recommendation of the prosecuting attorney and for the assistant district attorney to argue that he believed the law to be a good law and a necessary law and he found himself recommending it in many cases where the defendant is a young man and his offense a minor one and comes into court and pleads guilty, was without evidence to justify the same and contrary to the intent and spirit of the suspended sentence law. The further argument indulged in by the assistant district attorney that although the jury as a matter of law could not appropriate the fact that he had applied for a suspended sentence as any evidence of guilt but in order to give this man a suspended sentence the jury would have to first find that he was guilty and it necessarily follows that he was telling a falsehood when he told the jury that he was not guilty. In other words, they must believe that he perjured himself when he took the witness stand and testified that he was not guilty of the offense of burglary and that when the jury found that he lied he asked them to reward him for his perjury by suspending his sentence. This in effect was telling the jury that the appellant at the time of filing his application for a suspended sentence realized he was guilty, otherwise he would not have filed the application, when in fact the defendant merely filed the application and asked for a suspended sentence in case the jury should disregard his testimony and find him guilty. The jury had a right to disregard the appellant's testimony or any part thereof and he could not anticipate what weight and credit the jury would give to his testimony at the time of the filing of his said plea. We believe that the argument above set forth is of such a prejudicial nature as to require a reversal of this case, and in support of our views herein expressed we cite the following cases: Bradley v. State, 162 S. W., 515; Tamaya v. State, 230 S. W., 146.

It is therefore ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.