## LOYCE GOOCH v. THE STATE.

No. 21818. Delivered January 14, 1942.
Rehearing Denied February 25, 1942.

The opinion states the case.

*Scarborough, Yates & Scarborough,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of five years.

The testimony adduced by the State shows that about five o'clock in the morning of January 20, 1941, appellant shot and killed Newt Turner near Buffalo Gap in Taylor County. It appears that the deceased and appellant were both married men, and on the night in question had been out riding with two girls and drinking whisky until shortly before the killing occurred. The appellant's theory was that the real cause of the killing grew out of intimate relations which existed between deceased and the appellant's wife; that about the first of January the wife had instituted suit for a divorce against him, and the deceased had also brought suit for a divorce against his wife sometime during the preceding month. It also appears from the record that neither appellant nor the deceased seriously regarded their sacred marriage vows. Appellant had been married twice, was divorced from his first wife, and his present wife had instituted divorce proceedings against him a few years prior to the killing but the same had not been prosecuted to final judgment. She had evidently withdrawn the suit. On the night in question, after appellant and deceased had taken the girls to their respective homes, the deceased got into the car with the appellant, who drove out of the City of Abilene to Buffalo Gap, where, according to the appellant's contention, they got out of the car and discussed the

deceased's relations with the appellant's wife; that the deceased, who had theretofore taken a .45 caliber pistol out of the glove compartment of the appellant's car, made an attack upon him; that he wrenched the pistol from the deceased and then shot him in self-defense. The jury found appellant guilty of murder without malice and assessed his punishment as above indicated.

By Bill of Exception No. 1 appellant complains of the action of the trial court in permitting the State to prove by the District Clerk of said court that in 1938 appellant's wife had filed suit against him for a divorce. His objection thereto was that it was a separate and independent transaction, was hearsay and prejudicial and calculated to convince the jury that the defendant had not been a good and dutiful husband. The court qualified this bill and in his qualification states that the defendant, by his counsel, elicited from the witness the fact that appellant's wife had filed suit against him for a divorce on January 1, 1941, and that the deceased had filed suit against his wife on December 31, 1940; that thereupon the District Attorney inquired of the witness concerning another divorce suit which the defendant's wife had filed against him, to which he objected and the court sustained the objection. Thereafter, the State called the witness for further cross-examination and elicited from him the fact that the prior suit was filed August 6, 1938, but he did not notice who the attorney was who filed it; that thereupon Mr. Black (the District Attorney) remarked that he filed it, and Mr. Scarbrough (Appellant's attorney) said:

"That's right. Judge Black filed it; that one and this other one too."

The defendant then remarked: "He filed all of them. He is good at that."

Appellant accepted the bill with the foregoing qualification, and he is bound thereby. See Williams v. State, 150 S. W. (2d) 803; Bird v. State, 147 S. W. (2d) 500; Ballew v. State, 141 S. W. (2d) 654.

It was appellant's contention that the deceased had broken up his home; that he had induced his (appellant's) wife to institute divorce proceedings against him; that she in fact had no just grounds for a divorce. The State, with a view of combating appellant's testimony and his contention, proved that

some two years or more prior thereto and before any intimate relations, if any, existed between the deceased and the wife of appellant, she had filed suit for a divorce against him. In other words, his purpose was to show that the deceased was the moving spirit of the divorce proceeding and that his (appellant's) conduct towards his wife and his treatment of her was that of a devoted and faithful husband, relieving himself of any cause of grounds for a divorce. Consequently, the State had a right to show, if it could, that appellant's conduct theretofore had been such as to provoke her to institute the divorce proceedings. See Jamar v. State, 150 S. W. (2d) 1031.

By Bill of Exception No. 2 appellant complains of the action of the court in permitting the District Attorney to offer in evidence the clothing of the deceased which he contends was saturated with blood, to which appellant objected on the ground that the same was inflammatory and prejudicial and tended to prove no issue of fact in the case. The court overruled the objection and appellant excepted. This bill is also qualified by the trial court who states in his qualification that there was a serious controversy between the State and the defendant as to the way and manner in which the gunshot wounds were inflicted and the location of the same on the deceased; that there was also a serious dispute between the State and the defendant as to how the killing actually occurred; that the clothing was admitted in evidence by the court because he believed that it tended to shed some light upon a controverted issue and was a basis upon which to predicate the expert testimony offered by the State upon the matter in controversy. The court declined to certify that the clothing was bloody. In his qualification of the bill he states that he made no minute examination of the same but from the bench he did not observe any blood-stains upon any of the clothes. This bill was also accepted by the appellant as qualified. Hence he is bound by the qualification thereof. As thus qualified, the bill fails to reflect any reversible error. This court has held many times that although the clothing may bear blood-stains of the deceased, yet, when they are offered to explain or elucidate an issue of fact, the same is admissible. However, the bill fails to show that the clothing offered in evidence had any blood-stains thereon. See 18 Tex. Jur. p. 337, sec. 209, also p. 339, sec. 210; Huey v. State, 81 Tex. Cr. R. 554, 197 S. W. 202; Haynie v. State, 113 Tex. Cr. R. 650.

No reversible error having been presented by the record before us, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing in which he discusses the two bills that were treated in the original opinion. In the view of the writer, the original opinion properly disposes of such bills and it is not considered necessary to further treat them. However, it further appears that the things complained of do not relate to the controlling issue in the case. Regardless of what happened between appellant and his wife or between the wife and the deceased, if the jury had believed his story of self-defense, as submitted, they would have acquitted him. There can be no complaint that the issue of self-defense was not properly submitted under the evidence.

In rather an appealing way it is presented that appellant was convicted not because of the offense charged in the indictment in the case, but because of his early criminal record. This is a matter which only the jury could understand and conclude. It went to his credibility as a witness. If properly placed before them it would then present no question of law for this court.

We agree with the sentiment expressed in the argument that one should be permitted to reform, but we know of no reason for relaxing the rule in his favor and giving him a trial different to one who had never had occasion to reform.

We have carefully reviewed the record and the argument presented and believe that the original opinion fairly states and discusses the questions presented and that a correct conclusion was reached.

The motion for rehearing is overruled.