IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0952
════════════
 
In re Eduardo "Walo" Gracia 
Bazan
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
Argued September 
26, 2007
 
 
            
Justice Medina 
delivered the opinion of the Court, in which Chief Justice Jefferson, Justice Hecht, Justice 
O’Neill, Justice Wainwright, Justice Brister, Justice Green, and Justice Johnson joined.
 
            
Justice Willett filed a concurring opinion.
 
            
In this original mandamus proceeding, we must decide whether Chapter 87 
of the Local Government Code forbids a district court from removing a county 
officer, who has been convicted of a felony, when the conviction is based on 
acts that occurred before the officer’s election. The question arises because 
one section in Chapter 87 provides for the officer’s immediate removal upon 
conviction, while another seemingly prohibits removal for acts that predate an 
election. 
            
We construed this statute in Talamantez v. Strauss, 774 S.W.2d 661 
(Tex. 1989) 
(per curiam), concluding that a county officer could not be removed from office 
for acts predating the officer’s election. Although not mentioned in our per 
curiam opinion, the conviction in Talamantez involved a third degree 
felony similar to the conviction in this case and thus supports the relator’s 
present claim. Because we conclude that Talamantez was wrongly decided, 
however, we overrule that decision and deny the present petition for writ of 
mandamus.
I
            
In this case, Hidalgo County Constable Eduardo “Walo” Gracia Bazan was 
convicted of a third degree felony for theft of property by a public servant, 
sentenced to seven years probation, and fined $3,000.00. See Tex. Penal Code § 31.03(f). In such 
situations, the Local Government Code provides for the immediate removal of the 
county officer upon conviction. Tex. 
Local Gov’t Code § 87.031.[1] If the officer appeals the conviction, 
which Bazan has done, the removal order is superseded, unless the trial court 
determines that the public interest requires the officer’s suspension during the 
appeal. Id. § 87.032.[2] In this instance, the trial court ordered 
Bazan’s suspension during his appeal.
            
Bazan sought mandamus relief in the court of appeals, complaining that 
the trial court’s order was contrary to Talamantez. As in 
Talamantez, Bazan’s felony conviction is based on acts that predate his 
election. Bazan contends that he cannot be removed for these acts because Local 
Government Code section 87.001 prohibits the removal of a county officer “for an 
act the officer committed before election to office.” Id. § 87.001. The 
court of appeals nevertheless denied relief, and Bazan filed the present 
petition, repeating his arguments under Talamantez.
II
            
We had an opportunity to reconsider Talamantez shortly after our 
decision when another court of appeals refused to reinstate a county officer 
under similar circumstances. Minton v. Perez, 783 S.W.2d 803 (Tex. 
App.–San Antonio 1990, orig. proceeding). The Minton court was unsure 
from Talamantez’s cursory analysis how section 87.001 was to be 
reconciled with the constitutional provision disqualifying persons convicted of 
high crimes from holding public office. See id. at 805 (“to the 
extent that section 87.001 conflicts with article XVI, section 2, the 
constitution must prevail”). The court speculated that perhaps some undisclosed 
fact distinguished Talamantez from its case. Id. We heard oral 
argument in a subsequent mandamus proceeding involving the same parties, but 
dismissed the petition as moot after Minton’s successful criminal appeal 
resulted in his reinstatement. Minton v. Perez, 841 S.W.2d 854, 855 
(Tex. 1992). 
As in Minton, the Hidalgo County Criminal District Attorney, who is the 
real-party-in-interest to this proceeding, asks that we reexamine 
Talamantez in light of article XVI, section 2. 
            
This constitutional provision states that: “Laws shall be made to exclude 
from office . . . [persons] who have been or shall hereafter be convicted of 
bribery, perjury, forgery, or other high crimes.” Tex. Const. art. XVI, § 2. An 
individual convicted of a felony is thus ineligible to hold public office 
whether the conviction comes before or after the individual’s election to 
office. See id.; Tex. Elec. 
Code § 141.001(4) (individual convicted of a felony ineligible to hold 
public office); Tex. Local Gov’t 
Code § 87.031 (felony conviction operates as an immediate removal from 
office); Op. Tex. Att’y Gen. No. H-20 (1973) (“The term ‘other high crimes’ 
includes any offense of the same degree or grade as those specifically 
enumerated, namely felonies.”). Section 87.001 of the Local Government Code, on 
the other hand, broadly states that an officer may not be removed from office 
for acts committed before the officer’s election.
            
This section expresses what is sometimes called “the forgiveness 
doctrine,” the idea being that pre-election conduct does not disqualify one from 
holding office the same way post-election conduct does. The doctrine’s rationale 
is that the public has the authority “to forgive the misconduct of an elected 
official” following a campaign in which all the facts would presumably become 
known. In re Brown, 512 S.W.2d 317, 321 (Tex. 1974). The public’s power to forgive, 
however, is not without limits. It does not extend, for example, to felony 
convictions because a convicted felon is not qualified to hold public office, 
with or without the public’s consent. Tex. Elec. Code § 141.001; Hayes v. 
Harris County Democratic Executive Committee, 563 S.W.2d 884, 885 (Tex. Civ. 
App.–Houston [1st Dist.] 1978, no writ). Thus, when the acts in question are 
themselves disqualifying under the constitution, they cannot be forgiven by the 
electorate. In re Bates, 555 S.W.2d 420, 428 (Tex. 1977); In re Laughlin, 265 S.W.2d 805, 808 
(Tex. 1954); see also McInnis v. State, 
603 S.W.2d 179, 180 n.2 (Tex. 1980).
            
Talamantez is not grounded on the forgiveness doctrine, but rather 
on the notion that section 87.001 is a general limitation on a court’s authority 
to remove an officer under Chapter 87 of the Local Government Code. In 
expressing that limitation, however, Talamantez failed to consider the 
nature of the officer’s prior acts or the nature of the proceeding resulting in 
the officer’s removal. These considerations are important because a county 
officer may be removed for different types of misconduct that normally dictate 
the method of removal. Chapter 87 recognizes this by distinguishing between 
civil and criminal removal proceedings. The key to understanding the limitation 
expressed in section 87.001 lies in this distinction.
            
Chapter 87 explains civil prosecutions in subchapter B.[3] Tex. Local Gov’t Code §§ 87.011-87.019. 
Under this subchapter, a county officer may be removed for a number of reasons 
that are not necessarily criminal, such as incompetency, official misconduct, 
intoxication, or the failure to execute a bond. Id. §§ 87.013-.014. Subchapter B 
details who may initiate the proceeding, the requisites of the petition and 
citation, the conduct of the trial, appeal, and other matters. Id. §§ 
87.011-87.019. Unlike a criminal trial, the burden is proof by a preponderance 
of the evidence. See Huntress v. State, 88 S.W.2d 636, 643-44 (Tex. Civ. 
App.–San Antonio 1935, no writ) (civil removal proceeding not dependent on proof 
of criminal charges); cf. In re Brown, 512 S.W.2d at 319-20 
(concerning removal of a district judge).
            
Subchapter C, on the other hand, connects its removal proceeding directly 
to the criminal prosecution. Tex. Local 
Gov’t Code §§ 87.031-.032. It does not incorporate subchapter B’s 
procedural detail but rather simply directs the criminal court to include an 
order removing the county officer from office in the event of conviction. 
Id. § 
87.031. Removal in this instance depends on proof beyond a reasonable doubt. 
See Tex. Penal Code § 2.01 
(“no person may be convicted of an offense unless each element of the offense is 
proved beyond a reasonable doubt”).
            
Section 87.001 is the only provision in subchapter A, the subchapter 
reserved for provisions of general applicability. Again, it provides that “[a]n 
officer may not be removed under this chapter for an act the officer committed 
before election to office.” Id. § 87.001. Talamantez applied 
section 87.001 to a criminal removal proceeding, probably because of the 
provision’s purported general application, but that was a mistake. The history 
of this section reveals that the Legislature intended it only as a limitation on 
a civil removal proceeding under subchapter B; it is not a limitation on the 
removal of a county officer incident to a criminal prosecution. To confirm this 
intent, we trace the statute back to its origin.
III
            
The removal provisions at issue were first enacted in 1879, only three 
years after the adoption of the current constitution. In that year, the 
Sixteenth Legislature adopted title 66, chapter 2 of the Revised Code providing 
for the “Removal of County and Certain District Officers.”[4] The removal provisions in the Local 
Government Code are substantively the same as this original legislation, but 
their organization has been changed. While the current statute begins with 
section 87.001's limitation for pre-election acts, the 1879 statute began with 
the two provisions relevant to criminal prosecution. Tex. Rev. Civ. Stat. arts. 3388-3389 
(1879). These provisions continue today as subchapter C, sections 87.031 and 
87.032 of the Local Government Code, but have been moved from the statute’s 
beginning. 
            
After the two criminal provisions, the 1879 statute shifted to the civil 
proceeding, listing the grounds for such removal as incompetency, official 
misconduct, and drunkenness. Id. art. 3390 . Two pages of 
definitions and procedures followed, most of which are carried forward in 
Chapter 87, subchapter B.[5] Id. arts. 3391-3417. As in subchapter 
B, the 1879 statute provided that a civil removal action could be commenced on 
the sworn petition of any citizen who had lived in the county for six months and 
was not himself under indictment. Id. arts. 3401-3402. The 1879 statute 
then explained the procedure for conducting the civil removal proceeding, adding 
near its end that no officer should be removed for prior acts: “No officer shall 
be prosecuted or removed from office for any act he may have committed 
prior to his election to office.” Id. art. 3415.
            
The 1879 statute eventually became part of Title 100 of the Revised Civil 
Statutes of 1925. Title 100 faithfully tracked the 1879 statute, beginning with 
the two criminal provisions, then detailing the civil proceeding. See 
Tex. Rev. Civ. Stat. arts. 
5968-5987 (1925).[6] Again, as part of the discussion on civil 
removal, the 1925 statute added that no officer should be removed “for any act 
committed prior to his election to office.” See Tex. Rev. Civ. Stat. art. 5986 (1925). 
The statute’s reorganization did not occur until 1987, when these removal 
provisions were recodified in Chapter 87 of the Local Government Code as part of 
the Legislature’s statutory revision program. Act of 1987, 70th Leg., R.S., ch. 
149, § 1.001, 1987 Tex. Gen. Laws 714.
            
It was then that the provision prohibiting removal for pre-election acts 
was moved to the front of the statute and its language modified to read: “An 
officer may not be removed under this chapter for an act the officer committed 
before election to office.” Tex. Local 
Gov’t Code § 87.001.[7] The provision was also labeled as one of 
general application at that time.
            
The 1987 recodification was part of the Legislature’s continuing effort 
to make the laws of this state more accessible and understandable by 
reorganizing provisions and updating language. Act of 1987, 70th Leg., R.S., ch. 
149, § 1.001, 1987 Tex. Gen. Laws 714. The Legislature, however, 
expressly disclaimed the intent that its revisions should affect any substantive 
changes. Id. Talamantez followed shortly 
after these revisions, applying section 87.001's limitation broadly to prevent 
the removal of any county officer for pre-election acts, even those resulting in 
a felony conviction. Because our application was a substantive departure from 
prior law, it was contrary to the Legislature’s declared intent. Id.; Johnson v. City of Fort 
Worth, 774 S.W.2d 653, 654-55 (Tex. 1989). Properly construed, section 
87.001's limitation for pre-election acts must apply only to the civil removal 
proceedings detailed in the chapter, not to removals that are incident to 
independent criminal prosecutions. This construction is consistent with prior 
law and the underlying constitutional provisions.
            
Annotations to the 1879 civil removal provisions, now found in Chapter 
87's subchapter B, reference two constitutional provisions: article V, section 
24 and article XV, section 7. See Tex. Rev. Civ. Stat. arts. 3390-3391 
(1879).[8] The first provides that county officers 
“may be removed 
class=Section2> 
by the Judges 
of the District Courts for incompetency, official misconduct, habitual 
drunkenness, or other causes defined by law, upon the cause therefor being set 
forth in writing and the finding of its truth by a jury.” Tex. Const. art. V, § 24. The other 
directs the Legislature to “provide by law for the trial and removal from office 
of all officers of this State, the modes for which have not been provided in 
this Constitution.” Id. art. XV, § 7. Subchapter B is the Legislature’s 
response to these constitutional directives. 
            
The criminal provisions in the 1879 statute, now Chapter 87's subchapter 
C, are not annotated similarly because they have a different constitutional 
source. That source is article XVI, section 2, which directs that laws be made 
to exclude from office those convicted of high crimes. Id. art. XVI, § 2. 
Because the constitution makes no allowance for high crimes that predate an 
officer’s election, section 87.00l’s limitation for prior acts can only refer to 
official misfeasance that is, itself, not disqualifying and thus is prosecuted 
in a civil removal proceeding.[9] Accordingly, the trial court did not 
abuse its discretion in suspending Bazan from office pending the appeal of his 
felony conviction.
* 
* *
            
The petition for writ of mandamus is denied.
 
            
____________________________________
            
David M. Medina
            
Justice
 
Opinion 
delivered:         March 28, 2008






[1] 
Section 87.031, “IMMEDIATE REMOVAL,” provides: “(a) The conviction of a county 
officer by a petit jury for any felony or for a misdemeanor involving official 
misconduct operates as an immediate removal from office of that officer. (b) The 
court rendering judgment in such a case shall include an order removing the 
officer in the judgment.” 

[2] 
Section 87.032, “APPEAL; SUSPENSION,” provides: “If the officer appeals the 
judgment, the appeal supersedes the order of removal unless the court that 
renders the judgment finds that it is in the public interest to suspend the 
officer pending the appeal. If the court finds that the public interest requires 
suspension, the court shall suspend the officer as provided by this subchapter.” 


[3] 
Chapter 87 is divided into four subchapters: (A) General Provisions, (B) Removal 
by Petition and Trial, (C) Removal by Criminal Conviction, and (D) Filling of 
Vacancies.

[4] 
The Texas State Law Library has archived the 1879 Revised Statutes of Texas on 
its web site at 
http://www.sll.state.tx.us/codes/1879/1879.html.

[5] 
The 1879 statute included an archaic distinction between “habitual drunkenness” 
and “drunkenness,” providing that a habitual drunk might be removed from office 
regardless of whether the condition affected the officer’s performance whereas 
incapacity and three convictions were necessary to remove a more infrequent 
drunk from office. Tex. Rev. Civ. 
Stat. arts. 3395-3399 (1879). That distinction has not 
survived.

[6] 
The Texas State Law Library has archived the 1925 Revised Statutes of Texas on 
its web site at 
http://www.sll.state.tx.us/codes/1925/1925.html.

[7] 
In 1879, this provision read: “No officer shall be prosecuted or removed 
from office for any act he may have committed prior to his election to office.” 
Tex. Rev. Civ. Stat. art. 3415 
(1879) [art. 5986 (1925)]. This provision was amended in 1939 to remove the 
prohibition against prosecution. Act approved June 1, 1939, 46th Leg., R.S., 
ch.1, § 1, vol. I, 1939 Tex. Gen Laws 499. In 1987,the phrase “under this 
chapter” was added along with other minor linguistic changes. Acts of Sept. 1, 
1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 805. 

[8] 
See note 4, supra.

[9] 
See Reeves v. State ex rel. Mason, 267 S.W. 666, 669 (Tex. 1924) 
(affirming court of appeals’ holding that art. 6055 [now Tex. Local Gov’t Code § 
87.001] was intended to prevent civil removal for official misconduct in a prior 
term); Williams v. State, 150 S.W.2d 803, 805 (Tex. Crim. App. 1941) 
(acts barring prosecution or removal means “offense[s] committed relating to 
misfeasance of office,” not all criminal acts); see also Tex. Atty Gen. 
Op. GM-749 (1939) (art. 5986 [now § 87.001] applies only to civil actions for 
the removal of officer and has no application to the prosecution of officers for 
violations of the penal statutes).