ADOLPHUS GLAVECKE v. THE STATE.

APPEAL—INFORMATION.—An information against a district clerk resulting in his removal from office is not such a "criminal case" as will entitle a party on appeal to have the transcript under act of 2d of April, 1874, "filed for hearing and judgment at any term of the Supreme Court held before the term to which such case would otherwise be returnable by law."

APPEAL from Cameron.    Tried below before the Hon. Edward Daugherty.

This case was an information filed by the district attorney against the appellant, as defendant below, to remove him from the office of district clerk under the provisions of section 9 of article 5 of the constitution, which is as follows: "The clerk of the District Court of each county shall be elected by the qualified electors in each county, who shall hold his office four years, subject to removal by the judge of said court for cause spread upon the minutes of the court." The information charges the defendant with doing certain acts, willfully and corruptly, in connection with his functions as registrar, devolved upon him by the acts of 29th of April and 13th May, 1873, providing for the registration of voters.    (Paschal's Dig., arts. 6809*a* to 6809*k*.)

Upon filing this information the judge granted a rule on the defendant to show cause why he should not be removed.

To this rule the defendant answered under oath, denying the corrupt motives charged and that any offense under the law had been committed in any of the acts charged, and denying by exception specially the jurisdiction of the court without a trial by jury.

The court overruled the exception to the jurisdiction, denied a trial by jury, and held the answer in other respects insufficient.

The charges embrace generally malfeasance and nonfeasance in office.

Over the objections and answer of the defendant the court proceeded to hear and determine the case without a jury, and gave judgment against him, ousting him from office, from which judgment he appealed.

The defendant undertook to file the transcript at Tyler Term, under sec. 6 of act of April 2, 1874, which is as follows: "In appeals to the Supreme Court in criminal cases the defendant may cause the transcript of the record to be filed for hearing and judgment at any term of the Supreme

Court held before the term to which such case would other-
wise be returnable by law, and if such appeal be not decided
during the term at which it is filed the court shall transfer
it to the next term of court thereafter to be held."

*Powers & Maxan, R. B. Hubbard* and *Jones & Henry,*
for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

IRELAND, ASSOCIATE JUSTICE.—The motion made to dismiss
this appeal must be sustained. No mode of procedure in
the removal of officers by district judges has been pointed
out by the Legislature. The former adjudications of this
question have assumed that the judge might originate the
proceeding and no pleading is required; that the judge
might enter his order on the minutes of the court, give the
party proper notice in some mode, and then proceed in his
own way to determine the matter without the intervention
of a jury.

The fact that there was an affidavit made and an inform-
ation filed by the district attorney is not supposed to make
any difference. The whole case, below and here, is treated
as one having for its sole object the removal of the appellant
from office.

Section 8, Bill of Rights, declares that "in all criminal
prosecutions the accused shall have a speedy public trial by
an impartial jury."

If this was therefore a criminal prosecution it would be
impossible to deny him the right of trial by jury.

We therefore hold that this case is not a criminal prose-
cution or case within the meaning of the constitution or the
6th section of the act of April 2, 1874, to regulate proceed-
ings in the Supreme Court, and the case must therefore be
dismissed.

                                             DISMISSED.