**M. J. EINHORN, Appellant,**

**v.**

**IRVING BANK & TRUST COMPANY,**
**Appellee.**

**No. 4314.**

Court of Civil Appeals of Texas.

Eastland.

June 13, 1969. .

Rehearing Denied July 11, 1969.

Henry Klepak, Roy J. True, Dallas, for appellant.

Rainey & Moore, James W. Rainey, Jr., Irving, for appellee.

GRISSOM, Chief Justice.

In February, 1967, M. J. Einhorn, a resident of Missouri, sued Irving Bank & Trust Company seeking cancellation and rescission of his purported endorsement and guarantee of payment of a note for $14,725.00 executed by Central Cities Development, Inc., payable to Joyce Maloney, Trustee for Euless Developers, Inc., which had been delivered by the latter to said Bank as collateral security for payment of said note. Einhorn alleged therein that his guarantee was conditioned upon the promise of the Bank and Euless Developers, Inc., to have said note otherwise adequately secured, thereby reducing his potential liability.

The evidence shows Einhorn was a resident of Missouri; that he became financially interested in Central Cities Development, Inc., with which his brother-in-law was associated and Einhorn had endorsed and guaranteed payment of one of its notes which had been acquired by said Bank but that said note had been paid. In Einhorn's suit for rescission and cancellation of his guarantee of payment of the $14,725.00 note it was necessarily alleged in effect that he executed it. However, Einhorn testified to the effect that he had endorsed and guaranteed payment of another note; that when his Texas counsel filed his suit for cancellation of the $14,725.00 note he had not had an opportunity to examine this $14,725.00 note; that afterwards he discovered that the guarantee of the $14,725.00 note, here in issue, did not contain his signature, and that someone, without his authority, had signed the name "Milton" Einhorn; that, thereafter, when his deposition was taken in this case, he swore that he had not executed the $14,725.00 note or authorized its execution, and that he had not received any benefit therefrom.

The Bank answered Einhorn's suit for cancellation and rescission of his purported guarantee of payment of said $14,725.00 note by a general denial, filed in March, 1967. On August 2, 1967, the Bank filed an amended answer and a cross-action against Einhorn seeking payment of the $14,725.00 note. The Bank alleged that, in

September, 1963, Central Cities Development, Inc. executed a note payable to Joyce Maloney, Trustee of Euless Developers, Inc., for $14,725.00; that it was transferred by the payee to the Bank for a valuable consideration and, simultaneously therewith, Einhorn had endorsed and guaranteed its payment.

The Bank also alleged like execution and transfer of a note for $34,695.00 by Central Cities Development, Inc.; that it was transferred to said Bank and, simultaneously therewith, Einhorn had endorsed and guaranteed its payment. The Bank alleged both notes were presented to Central Cities, Inc., and it refused payment; that the Bank notified Einhorn of said failure and demanded that he pay it; that Einhorn refused payment, wherefore the Bank sued Einhorn for the principal, interest and attorney's fees due on both of said notes. The Bank attached to its cross-action two notes, the one in issue here for the principal sum of $14,725.00, dated September 17, 1963, which purported to contain the endorsement and guarantee of payment of "Milton" Einhorn and a note for the principal sum of $34,695.00 dated January 24, 1964, endorsed and guaranteed by "M. J." Einhorn. Both were signed Central Cities Development, Inc., by Hy Stoller, President. Hy Stoller was the brother-in-law of Einhorn. The $34,695.00 note has been paid and Einhorn's guarantee of payment of that note is not now in issue.

In October, 1968, Einhorn filed his answer to the Bank's cross-action on said two notes, stating, under oath, that his signature to the endorsement and guarantee of the $14,725.00 note did not contain his signature; that he never authorized anyone to execute it for him and that he did "expressly and under oath deny liability on said obligation." This was directed solely at the $14,725.00 note. The affidavit attached to said answer stated that Einhorn had read said answer and that the facts and statements contained therein were true and correct "to the best of his knowledge and belief." It was sworn to before a notary. On October 10, 1968, the Bank filed a supplemental answer denying that Einhorn's signature "on the note in question is a forgery" and it specially denied that Einhorn was "unaware of said signature prior to January, 1968." The Bank alleged Einhorn was aware of the "note in question" and his signature thereon as guarantor in 1963; that after negotiation of the "note in question" to the Bank, Einhorn was requested to furnish the Bank a financial statement; that he did not then deny validity of his signature; that "the note in question" was protested and Einhorn did not then claim his signature was forged; that Einhorn was estopped to assert forgery; that, if his signature was not on the endorsement and guarantee, his conduct constituted ratification. The record is not clear whether at said time both notes were "in question."

On October 7, 1968, the trial started. A jury was waived. The judgment recites that before the trial began Einhorn requested leave to file an answer which was granted; that the Bank then requested leave to file a first supplemental answer to Einhorn's pleading *as well as leave to dictate and file a special exception" to Einhorn's plea of non est factum,* which was granted over Einhorn's objection, whereupon, the parties stated the pleadings upon which they were going to trial. The judgment contains recitals that the court ruled *that all exceptions to pleadings would be reserved for decision after conclusion of the evidence* and the court then proceeded to hear the evidence; that, after conclusion of the evidence, both sides presented briefs and after consideration of the pleadings, evidence and briefs, the court found that the Bank's exception to Einhorn's plea of non est factum should be and it was then sustained and Einhorn's request for leave to amend his non est factum affidavit so that it would avoid the Bank's special exception, only then sustained, was denied, whereupon, the court proceeded to

render judgment against Einhorn on the $14,725.00 note. Einhorn has appealed.

Einhorn's first point is that, under these circumstances, the court committed reversible error in refusing to let him amend his non est factum affidavit by, in effect, deleting the qualifying statement that it was made on information and belief.

Upon the trial, Einhorn testified positively that he did not execute nor authorize execution of the guarantee upon which judgment was rendered against him. The executive officer of the Bank, the only representative of the Bank who took the witness stand, testified to the effect that it was not Einhorn's signature. There was no evidence that Einhorn authorized anyone to execute it for him. The court heard all of the evidence and, after the trial, received and considered briefs before it ruled upon and sustained the Bank's exception to Einhorn's plea of non est factum, at which time he denied Einhorn the right to amend his affidavit to meet the Bank's exception and rendered judgment against him because he had no proper plea of non est factum. The Bank's exception to Einhorn's affidavit was presented during the trial. Einhorn then asked permission to so amend his affidavit in the event the Bank's exception should be sustained. If Einhorn's affidavit had been so amended it would have been a proper plea of non est factum and, with the evidence in the state above mentioned, the court did not sustain the Bank's exception and then deny Einhorn's plea to so amend his affidavit until after conclusion of the trial. We think the trial court thereby committed reversible error. Texas Rules of Civil Procedure, rule 66 is directly applicable to the stated facts. That rule provides that if, during the trial, any defect in a pleading is called to the attention of the court it shall allow the defective pleading to be amended when presentation of the merits will be subserved by amendment and the objecting party fails to satisfy the court that allowance of such amendment would prejudice him in maintaining his action on the merits. The Bank had long known that Einhorn claimed he did not execute or authorize execution of the guaranty of the $14,725.00 note. It knew that Einhorn had so pleaded under oath. During the trial the Bank filed an exception to Einhorn's plea of non est factum, vaguely directed to the defect that Einhorn's oath was made on information and belief. Einhorn then informed the court that if this exception should be sustained he desired to amend his affidavit to meet the Bank's exception so that it would no longer be based upon information and belief. The court announced that it would not pass on exceptions until after the evidence was introduced. After introduction of the evidence the parties submitted briefs to the court. The Bank in its brief urged the court to sustain its exception and render judgment against Einhorn on the note because Einhorn's affidavit to his plea of non est factum was defective, as heretofore shown. The court acted in accord with that suggestion and then sustained the Bank's exception to Einhorn's defective plea of non est factum and then refused to permit Einhorn to amend to meet that objection. Einhorn had testified, as heretofore stated, positively, that he did not execute or authorize execution of the guaranty of the $14,725.00 note. The Bank's representative had testified it was not Einhorn's signature. There was no evidence of probative force that he executed or authorized execution of the guaranty of that particular note. See Shaw v. Tyler Bank & Trust Company, Tex.Civ.App., 285 S.W.2d 782, 790, (ref.n.r.e.); Ramsey v. Cook, Tex. Civ.App., 231 S.W.2d 734 and in re Laughlin, 153 Tex. 183, 265 S.W.2d 805, 807; Coffey v. Fort Worth & Denver Railway Company, Tex.Civ.App., 285 S.W.2d 453.

The judgment is reversed and the cause is remanded.