

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 27, 1973

The Honorable Timothy D. Eyssen
County Attorney
Wichita Falls, Texas 76301

Opinion No. H- 72

Re: Interpretation of Arti-
cles 2.01 and 2.07, Code
of Criminal Procedure
RQ 246

The Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas 78744

Reduction of salary for
the District Attorney
of the 30th Judicial District
RQ 246A

Gentlemen:

Each of you have submitted a question to us growing out of the same basic fact situation.

At some time prior to May of 1973, Jimmy R. Phagan was elected District Attorney of Wichita County, Texas.

On May 11, 1973, Cause No. 93,470a, styled <u>The State of Texas v. Jimmy R. Phagan</u>, in the 30th District Court of Wichita County, Texas, commenced to trial resulting in a verdict of the jury finding, in the words of the judgment, that, "The Defendant, Jimmy R. Phagan, is guilty of a series of woeful, illegal acts amounting to professional misconduct, any one of which acts would justify and warrant the disbarment of the defendant from the further practice of law." It is our understanding that the acts did not, however, involve Mr. Phagan's performance of his duties as District Attorney. The judgment of the court entered on that date was that Jimmy R. Phagan be disbarred as an attorney-at-law and may thereafter exercise none of the privileges and prerogatives of the office of an attorney-at-law.

On the 11th day of June, 1973, the three judges of the District Courts of Wichita County signed what is denominated an Order Appointing a Dis-

trict Attorney Pro Tem. It recites that "on the 11th day of June, 1973, the district attorney of the 30th Judicial District failed to attend court and represent the state in various criminal prosecutions . . . ." It ordered, ostensibly under the authority of Article 2.07 of the Code of Criminal Procedure, that William V. Browning be appointed District Attorney pro tem of the 30th Judicial District. "This appointment shall not extend beyond the present term of the district courts of Wichita County."

Mr. Phagan filed on the same date his "motion excepting to court order" asserting that he had not failed to attend any term of court and for the further reason that he was not notified of the action prior to the time it was signed. He prayed that the filing of the order be denied until such time as a hearing could be held to determine the truth of the matters therein asserted.

On June 15, 1973, Mr. Calvert, as Comptroller of Public Accounts of the State, requested our opinion as to whether his department would have authority to withhold the salary of Mr. Phagan.

On June 19, Mr. Eyssen, as County Attorney, asked two questions:

> "1. Would Judge Murray's 'rendering judg-
> ment' by the above referred to letter effectively
> 'absent' the district attorney under Article 2.02
> Code of Criminal Procedure; and, if so,

> "2. Do the duties of the District Attorney
> in such a case automatically devolve to the County
> Attorney until a permanent appointment by the Gov-
> ernor can be made, or do the District Judges have
> the power to appoint a District Attorney pro tem as
> they have done?"

We are advised that subsequently, on June 29, 1973, an order entitled "Order Re-appointing District Attorney Pro Tem" was entered by which it was ordered that Mr. Browning be appointed as District Attorney pro tem for the July term of the 30th District Court beginning on July 2, 1973.

We understand that Mr. Phagan is appealing from the order of disbarment and that no proceeding has been filed nor has there been any hearing in any proceeding to remove him from office as the District Attorney.

Article 332, V. T. C. S., enacted in 1876, reads:

"No person who is not a duly licensed
attorney at law shall be eligible to the office
of district or county attorney.  District and
county attorneys shall reside in the district
and county, respectively, for which they were
elected; and they shall, as soon as practicable
after their election and qualification, notify
the Attorney General and Comptroller of their
post office address."

It is our opinion that the office of District Attorney is a constitutional office created by Article 5, § 21 of the Constitution [Moore v. State, 57 Tex. 307 (1882)].  Article 332 does no more than state qualifications for election to the office of District Attorney.  It does not provide for removal of a District Attorney who ceases to be "duly licensed."

Removal of District Attorneys is governed by § 7 of Article 15 of the Constitution which says:

"The Legislature shall provide by law for
the trial and removal from office of all officers
of this State, the modes for which have not been
provided in this Constitution.

There is no other provision in the Constitution for removal of District

The Honorable Timothy D. Eyssen
The Honorable Robert S. Calvert, page 4  (H-72)


Attorneys.  As for County Attorneys and other county officers, see Article 5, § 24.

The basic legislative provisions for removal of officers are found in Title 100 of the civil statutes commencing with Article 5961.  The first three statutes have to do with impeachment. (Articles 5961 to 5963, Vernon's Texas Civil Statutes).  Article 5964 has to do with the removal of certain specified judges and other state officers by address.  Articles 5965 through 5966 have to do with removal of various judges by the Supreme Court.

Article 5966a creates the State Judicial Qualifications Commission. Article 5967 calls for removal of certain specified officers by the Governor.  Article 5968 provides that convictions for various crimes shall work an immediate removal.  Article 5969 provides that an appeal from an order of removal supercedes the judgment with some exceptions.

We then come to Article 5970 which provides, in part:

> "All district and county attorneys, county
> judges . . . may be removed from office by the
> judge of the district court for incompetency, of-
> ficial misconduct or becoming intoxicated by drink-
> ing intoxicating liquor, as a beverage, whether on
> duty or not; . . . ." (emphasis added)

Article 5971 requires that in every case of removal named in Article 5970 the cause shall be set forth in writing "and the truth of said cause or causes be found by a jury."  Article 5972 as amended (Acts 1971, 62nd Leg., p. 1110, Ch. 241) defines "incompetency" as used in Article 5970 as follows:

> "By 'incompetency' as used herein is meant
> gross ignorance of official duties, or gross care-
> lessness in the discharge of them; or an officer may
> be found to be incompetent when, by reason of some
> serious physical or mental defect, not existing at
> the time of his election, he has become unfit or un-
> able to discharge promptly and properly the duties
> of his office. "

Article 5973 defines official misconduct as follows:

> "By 'official misconduct,' as used herein with reference to county officers, is meant any unlawful behavior in relation to the duties of the office, wilful in its character, of any officer intrusted in any manner with the administration of justice, or the execution of the law; and includes any wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law."

Article 5975 provides that officers who are required to give official bonds may be removed from office for failing to give them.

Article 5976 provides:

> "The proceedings for the removal of said officers may be commenced, either in term time or vacation, by first filing a petition in the district court of the county where the officer resided, by a citizen of the State who has resided for six months in the said county where he proposes to file such petition, and who is not himself at the time under indictment in said county."

Article 5977 sets out the requisites of the petition; Article 5978 requires that the case be submitted under a proper charge to a jury; Article 5979 requires citation; Article 5980 provides for an answer; Article 5981 provides how the trial shall be conducted. Article 5982 provides that, after the issuance of the order for the citation required by Article 5979 the district judge may temporarily suspend the person from office and appoint for the time being some other person to discharge the duties of the office.

Article 5970, therefore, governs the removal of district attorneys; Article 332 does not. Also see Articles 5984, 5986. Because there has been no removal proceeding brought against Mr. Phagan in accordance

with the applicable statutes, he still is the District Attorney of the 30th Judicial District of Wichita County, we think. Whether under the statutes a cause exists for his removal is a question upon which we do not pass. It is our opinion, however, that until Mr. Phagan is removed from office in accordance with the statutory procedures, he remains the District Attorney. Compare In re Laughlin, 265 S. W. 2d 805 (Tex. 1954); Gordon v. State, 43 Tex. 330, 339 (1875). It is our opinion furthermore that the order disbarring Mr. Phagan is not sufficient by itself to warrant the appointment of somebody to replace him.

The Code of Criminal Procedure in its Chapter 2 outlines the duties of various officers including district attorneys. Sec. 2.07 as amended by Acts 1973, 63rd Leg., ch. 154, p. 356, provides:

"(a) Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office, or in any instance where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state."

In subparagraphs b and c it contemplates that another attorney for the state, defined as including county attorney, district attorney, or criminal district attorney, might be appointed.

Article 2.02 provides, in part, that in the absence of the district attorney, the county attorney shall represent the state alone.

Prior to the complete revision of the Code of Criminal Procedure in 1965, Article 26 of the code contained essentially the same provision which we have quoted above from Article 2.02. Article 31 contained the same provisions as are now contained in 2.07. In Attorney General Opinion No. O-2531(1940), it was said:

"Article 26 and Article 31 must be construed
together, and when so construed, it is clear that
the Legislature has made it the duty, and it likewise
the right, of the county attorney to represent the
State in district court in the absence of the district
attorney. In the absence of the district attorney,
the duty and the authority to represent the state in
the district court is conferred by the statutes upon
the county attorney, and it is not contemplated, nor
is it necessary, that the court should designate the
county attorney as district attorney pro tem. It is
only when the district attorney and the county attor-
ney are absent that the court is authorized to appoint
a district attorney pro tem. In a Letter Opinion ad-
dressed to the Honorable Cullen D. Vance, County
Attorney, Edna, Texas, on February 12, 1935, this
Department ruled that a district judge is without
authority to appoint an attorney pro tem to repre-
sent the state when either the district attorney or
the county attorney is present. We are of the opinion
that this ruling correctly states the law upon this sub-
ject. "

Where a statute has been administratively construed for a long
time and the Legislature, though presumably aware of the interpreta-
tion, made no change that would indicate a contrary intent, the admin-
istrative construction is entitled to great weight. Burroughs v. Lyles,
181 S. W. 2d 570 (Tex. 1944); Heaton v. Bristol, 317 S. W. 2d 86 (Tex.
Civ. App., Waco, 1958, err. ref). And see Calvert v. Kadane, 427 S. W.
2d 605 (Tex. 1968).

It is our interpretation of Articles 2.02 and 2.07, Texas Code of
Criminal Procedure, that they apply only in the event of a temporary
disqualification as in one case or absence for a terminable period of
time. They do not apply to the removal of an officer and if the district
attorney is removed in accordance with the Constitution and Title 100 of
the statutes, the vacancy must be filled by the Governor in accordance
with § 12 of Article 4 of the Constitution.

Therefore, to answer Mr. Eyssen's questions, we would state that,
provided the county attorney was available at all times (a fact question
which we do not answer), Article 2.02 of the Code of Criminal Procedure

did not authorize the district judges or any one of them to appoint a district attorney pro tem and, further, any temporary appointment made pursuant to Article 2.07 could validly be made only for the period of absence or disqualification and not for a term of court or some other period.

We answer Mr. Eyssen's second question that under Article 2.02 of the Code of Criminal Procedure, if the district attorney is absent or disqualified and the county attorney is available to serve, the duties of the district attorney devolve automatically upon the county attorney.

The Comptroller's question involves construction of Article 327 of the Revised Civil Statutes:

> "When any district attorney shall fail to attend any term of the district court of any county in his district, the district clerk of such county shall certify the fact of such failure under his official seal to the Comptroller, and unless some satisfactory reason for such failure is shown to the Comptroller, such district attorney shall receive no salary for the time that he has so failed to attend."

The district clerk on June 11 did certify pursuant to that article that Mr. Phagan "has failed to attend Court and represent the State of Texas in various criminal prosecutions now pending in the District Courts of Wichita County, Texas." Mr. Phagan has responded by a letter denying that he had failed to attend any term of the court up to the date thereof, June 18. We have heretofore cited that letter. .

We believe it is up to the Comptroller to determine the facts under a procedure according Mr. Phagan due process, i.e., he should have notice and an opportunity to present evidence to confront the district clerk. Should the Comptroller, after such a hearing, determine that the district attorney had failed to attend any term of court without a satisfactory reason for such failure, then the Comptroller would have authority to withhold the salary of the district attorney for the time he has failed to attend but not for any other period, unless, of course, he is removed from office.

## SUMMARY

A District Attorney is subject to removal from office only pursuant to the statutes for removal and may not be summarily removed and replaced by an ex parte order of the district courts. If he is temporarily disqualified or absent and there is a qualified County Attorney in the county, then the County Attorney shall serve as District Attorney under Article 2.02 of the Code of Criminal Procedure. If he is permanently removed, then any replacement is to be appointed by the Governor.

If the District Attorney absents himself without satisfactory reason, a fact to be determined by the Comptroller under due process, then the Comptroller shall withhold his pay for the period of time of his absence.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee