

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 11, 1977

Honorable Gibson D. Lewis
Chairman, Committee on
  Intergovernmental Affairs
House of Representatives
Austin, Texas 78711

Opinion No. H-1023

Re: Whether the Legislature may remove a judge in a special session.

Dear Representative Lewis:

You have asked that we advise you on the ability of the Legislature to include a "Resolution of Address" for the removal of Justice Donald Yarbrough in its order of business in special session of the Legislature.

Removal of judges by address is provided for in article 15, section 8 of the Texas Constitution. That section provides:

> The Judges of the Supreme Court, Court of Appeals and District Courts, shall be removed by the Governor on the address of two-thirds of each House of the Legislature, for wilful neglect of duty, incompetency, habitual drunkenness, oppression in office, or other reasonable cause which shall not be sufficient ground for impeachment; provided, however, that the cause or causes for which such removal shall be required, shall be stated at length in such address and entered on the journals of each House; and provided further, that the cause or causes shall be notified to the judge so intended to be removed, and he shall be admitted to a hearing in his own defense before any vote for such address shall pass, and in all such cases, the vote shall be taken by yeas and nays and entered on the journals of each House respectively.

See also V.T.C.S. art. 5964.

If there is any barrier to considering removal of a judge by address during a special session, it is posed by article 3, section 40 of the Texas Constitution. That section provides:

> When the Legislature shall be convened in special session, there shall be no legislation upon subjects other than those designated in the proclamation of the Governor calling such session, or presented to them by the Governor; and no such session shall be of longer duration than thirty days.

See also Tex. Const. art. 4, § 8.

The precise question was considered in reference to impeachment by the Texas Supreme Court in Ferguson v. Maddox, 263 S.W. 888 (Tex. 1924). The House of Representatives filed articles of impeachment against Governor Ferguson during the Second Called Session of the Thirty-fifth Legislature. House Journal, 35th Leg., 2nd Called Sess., 78-104. The Senate trial began in the Second Called Session; Senate Journal, 35th Leg., 2nd Called Sess., 114; and was concluded in the Third Called Session. Senate Journal, 35th Leg., 3rd Called Sess., 996. Governor Ferguson argued that his failure to include impeachment in his proclamation convening the Second Called Session of the Legislature prevented the consideration of the subject.

The Supreme Court considered the nature of the impeachment function and specifically noted the similarity between impeachment and the criminal justice process. The Court concluded that the powers of impeachment

> are essentially judicial in their nature. Their proper exercise does not, in the remotest degree, involve any legislative function.
>
> . . . .
>
> Without a doubt, [the Legislature] may exercise them during a special session, unless the Constitution itself forbids. It is insisted that such inhibition is contained in article 3, § 40, which provides that legislation at a special session shall be confined to the subjects

> mentioned in the proclamation of the
> Governor convening it. This language
> is significant and plain. It purposely
> and wisely imposes no limitation, save
> as to legislation. As neither House
> acts in a legislative capacity in matters
> of impeachment, this section imposes no
> limitation with relation thereto, and the
> broad power conferred by article 15 stands
> without limit or qualification as to the
> time of its exercise.

Ferguson v. Maddox, supra at 890-891.

If removal by address is a judicial rather than a legislative process, it may be considered in a special session even if the Governor does not include the subject in his proclamation calling the Legislature into session.

On at least three occasions the Texas Supreme Court has indicated that removal by address is essentially a judicial proceeding. The Court said:

> In all of the methods provided for removal of a judge, the judge is entitled
> to a full and fair trial on the charges
> preferred against him.

Matter of Carrillo, 542 S.W.2d 105, 108 (Tex. 1976). And

> the judge is guaranteed a full and fair
> trial on the charges preferred against
> him, whether the charges be by way of
> articles of impeachment . . . or by way
> of legislative address to the Governor. . . .

In re Laughlin, 265 S.W.2d 805, 808 (Tex. 1954), appeal dismissed sub. nom., Laughlin v. Wilson, 348 U.S. 859 (1954). And

> under every mode of removal expressly provided by [article 15] an officer is given
> the important safeguards of a trial, including formal written charges, notice, and
> an opportunity to be heard. . . . Even by
> address of two-thirds of both Houses, the
> Governor cannot remove any judge until the
> written causes for removal are stated at
> length in the journals and have been 'notified to the judge so intended to be removed,

and he shall be admitted to a hearing in his own defense before any vote for such address shall pass.'

Dorenfield v. State ex rel. Allred, 73 S.W.2d 83, 86 (Tex. 1934) (emphasis by court).  The historical development of address is that it has become a quasi-judicial proceeding in which a hearing has been afforded.  Shartel, Retirement and Removal of Judges, 20 Journal of the American Judicature Society 133, 147.

Since removal of judges by address is a quasi-judicial proceeding, the Legislature may utilize this procedure in a special session even if the subject is not included in the Governor's proclamation calling the Legislature into session.

### S U M M A R Y

Removal of judges by address is a quasi-judicial proceeding and may be considered in a special session even if it is not included in the Governor's proclamation calling the Legislature into session.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw