In re Jack HAMPTON, District Judge, 283rd State District Court of Dallas County.

No. C–8373.

Supreme Court of Texas.

May 10, 1989.

**630** 

PER CURIAM.

By original proceeding filed in this court, seventeen attorneys present charges of official misconduct against the Honorable Morris Jackson Hampton, for which they seek his removal from the office of Judge of the 283rd District Court, in and for Dallas County, Texas. Judge Hampton responded with motions to quash and dismiss, and a plea to abate the proceeding because of the pendency of an action initiated with the State Commission on Judicial Conduct based on substantially the same allegations, in which this court has previously appointed a master. We do not reach the merits of the presentment at this time because a majority of the court determines that the presentment does not state a claim within the jurisdiction of this court.

The presentment reads as follows:

The undersigned attorneys, who practice in the state district courts of Dallas County, Texas and are each licensed to practice in the Supreme Court of Texas, do hereby respectfully petition and present to the Supreme Court of Texas, in accordance with the provisions of Article 15, Section 6 of the Texas Constitution, a request for removal from office of Judge Jack Hampton of the 283rd Judicial District Court of Dallas County; said presentment founded upon their information and belief of the following particulars, to wit:

### FACTS

On or about December 15, 1988, as reported in the *Dallas Times Herald* of December 16, 1988 (a copy of the article is attached hereto as Exhibit "A" and made a part of this pleading for all purposes), Judge Hampton commented, in a rather lengthy interview, on various aspects of a criminal trial in which he sentenced the defendant therein, Richard Lee Bednarski, for the murder of two men on or about November 28, 1988. In the interview Judge Hampton said *inter alia:*

1. "These two guys that got killed wouldn't have been killed if they hadn't been cruising the streets picking up teenage boys;"

2. "I don't care much for queers running around on weekends picking up teenage boys. I've got a teenage boy;" and

3. "I put prostitutes and gays at about the same level. If those boys had picked up two prostitutes and taken them to the woods and killed them, I'd consider that a similar case."

### ARGUMENT

These remarks by Judge Hampton violate Canon One, Canon Two, and Canon Three of the Code of Judicial Conduct as promulgated and subsequently amended by this Honorable Texas Supreme Court. We believe that Judge Hampton cannot be fair and impartial and should be removed from office.

We request this honorable court review the attachment hereto sworn to by the undersigned attorneys and remove the Hon. Jack Hampton from office.

WHEREFORE, PREMISES CONSIDERED, we, the undersigned attorneys licensed to practice before the Supreme Court and courts of this State, do hereby pray that this Honorable Court will remove Judge Jack Hampton from the office of the judgeship of the 283rd Judicial District Court of Dallas, Texas.

The presentment is signed by Donald J. Maison, Jr., Henry John Albach IV, Thelma E. Sanders, Joshua Turin, Michael A. Yonks, Elizabeth K. Julian, Edward B. Cloutman, III, William Nelson, Scott A. Wingeier, James C. Barber, Alberto Garcia, David L. Tucker, Sylvia Ann Cantu, Pamela G. Merrifield, Jerry R. Birdwell, Jim Tyner, and Joe K. Crews. Attached to the presentment is the article by Lori Montgomery, *Why Judge Was Easy on Gay's Killer,* which appeared in the December 16, 1988, issue of the *Dallas Times Herald.* Also submitted is a statement of facts which reflects that the Honorable Ron Chapman, Presiding Judge of the First Administrative Region of Texas, administered the oath to the first eleven attorneys listed above.

Article XV, section 6 of the constitution provides:

§ 6. Judges of District Court; removal by Supreme Court

Sec. 6. Any judge of the District Courts of the State who is incompetent to discharge the duties of his office, or who shall be guilty of partiality, or oppression, or other official misconduct, or whose habits and conduct are such as to render him unfit to hold such office, or who shall negligently fail to perform his duties as judge; or who shall fail to execute in a reasonable measure the business in his courts, may be removed by the Supreme Court. *The Supreme Court shall have original jurisdiction to hear and determine the causes aforesaid when presented in writing upon the oaths taken before some judge of a court of record of not less than ten lawyers, practicing in the courts held by such judge, and licensed to practice in the Supreme Court; said presentment to be founded either upon the knowledge of the persons making it or upon the written oaths as to the facts of creditable witnesses.* The Supreme Court may issue all needful processes and prescribe all needful rules to give effect to this section. Causes of this kind shall have precedence and be tried as soon as practicable.

Tex. Const. art. XV, § 6 (emphasis added). We must therefore examine this presentment to ascertain whether it properly invokes our jurisdiction.

We assume without deciding that the presentment meets the first constitutional requirement by alleging a colorable claim of official misconduct. The second requirement is that the presentment be supported by the written oaths of ten lawyers practicing in the courts of the judge in question. We must determine if the allegation that the sponsoring attorneys practice in Dallas County district courts satisfies this constitutional prerequisite.

■ Our power to remove district judges in an original proceeding first appeared in the constitution of 1876. 2 *The Constitution of the State of Texas: An Annotated and Comparative Analysis* 713 (G. Braden ed. 1977). The committee report to the constitutional convention proposed that a presentment proceeding be initiated by the oaths of seven citizens, of whom three would be required to be practicing lawyers. *Journal of the Constitution of the State of Texas* 771 (1875). The initial report contained no other qualifications except that the attorneys would be required to be licensed to practice in the Supreme Court of Texas. As enacted, however, the constitution requires the oath of ten attorneys who practice in the courts *held* by the challenged judge. *In re Laughlin,* 153 Tex. 183, 186, 265 S.W.2d 805, 807, *appeal dism'd,* 348 U.S. 859, 75 S.Ct. 84, 99 L.Ed. 677 (1954); 2 *The Constitution of the State of Texas: An Annotated and Comparative Analysis* 713 (G. Braden ed. 1977).

This added requirement has a purpose. As we noted in *Laughlin,* there are two competing considerations which must be recognized.

Neither [an impeachment nor a presentment] proceeding may be resorted to lightly nor may its consequences be lightly regarded.... Nor may a removal proceeding against a district judge be resorted to as a means of satisfying personal animosities growing out of disappointing litigation results; nor to equate political factions or settle political differences which properly find their solution at the ballot box....

On the other hand, the people residing in a judicial district are rightfully entitled to be relieved of the impositions of a judge who, though chosen by them, proves by his official conduct to be partial to some and oppressive to others, or unfit or incompetent to hold his office, or neglectful of its duties.

*In re Laughlin,* 153 Tex. at 188, 265 S.W.2d at 808. Thus the constitutional focus is on the judge's inability or refusal to execute the duties of his office fairly, diligently, and competently. By limiting the persons who may make a presentment to attorneys who practice in the judge's court, the constitution assures that the persons initiating such proceedings will have some firsthand knowledge of how the judge administers justice. We hold that, by not swearing that they practice in Judge

Hampton's court, the sponsoring attorneys failed to meet the second constitutional requirement of a valid presentment.

The third requirement is that the presentment "be founded either upon the knowledge of the persons making it or upon the written oaths as to the facts of creditable witnesses." Tex. Const. art. XV, § 6. The petitioning attorneys here do not purport to have personal knowledge of official misconduct committed by Judge Hampton. The meaning of the constitution's alternative provision, that a presentment may be based "upon the written oaths as to the facts of creditable witnesses," is less than clear.

From 1879 until the 1985 enactment of the Texas Government Code, the Texas Civil Statutes have contained legislation effectuating article XV, section 6 of the constitution. Tex.Civ.Stat. arts. 3382–3386 (1879) (repealed 1895); Tex.Rev.Civ.Stat. arts. 3523–3527 (1895) (repealed 1911); Tex.Rev. Civ.Stat. arts. 6022–6026 (1911) (repealed 1925); Tex.Rev.Civ.Stat. arts. 5965–5966 (1925), *repealed by* Act of June 12, 1985, ch. 480, § 26, 1985 Tex.Gen.Laws 2048. In large part these statutes are merely redundant of article XV, section 6 of the constitution. However, the 1879, 1895, and 1911 codifications of the revised statutes provide that a presentment "shall be founded either upon the knowledge of the person making it, or upon the written oaths, as to facts, of credible witnesses." Tex.Rev.Civ. Stat. art. 3385 (1879); Tex.Rev.Civ.Stat. art. 3526 (1895); Tex.Rev.Civ.Stat. art. 6025 (1911). The most recent codification provides that a presentment "shall be founded either upon the knowledge of the person making it, or upon the written oaths of credible witnesses as to facts." Tex. Rev.Civ.Stat. art. 5966 (1925) (repealed 1985).

Article 5966 was repealed upon enactment of the Texas Government Code. No counterpart is to be found in the present code. However, the codification of statutes relating to the judiciary was not intended to work any substantive change in the existing law. Act of June 12, 1985, ch. 480, § 27, 1985 Tex.Gen.Laws 2049. Apparently the legislature viewed article 5966 as duplicative of the constitution. *See* Tex.

Gov't Code Ann. § 1.001 (Vernon 1988). While we are not bound by the legislature's interpretation of the constitution, we are convinced that its interpretation is correct. Either the second "oaths" refers to the presenting attorneys and is redundant, or it refers to "creditable witnesses." In light of the seriousness of removal proceedings, we think it more likely that the constitution requires a presentment to be based on personal knowledge, whether it be the knowledge of the attorneys making the presentment or other witnesses. We hold that a presentment not based on the knowledge of the sponsoring lawyers must be supported by the affidavits of credible witnesses who have personal knowledge of the pertinent facts.

Since the presentment does not affirmatively show that it was made by ten attorneys practicing in courts held by Judge Hampton, and is not based on the oaths of persons with knowledge of the facts, it does not affirmatively invoke our jurisdiction. Accordingly, we will permit a period of not more than thirty days for amendment of the presentment in accordance with this opinion. If the requirements set forth herein are not satisfied, the presentment will be dismissed, without prejudice, for want of jurisdiction.