Luis S. MINTON, Relator,

v.

Honorable Rey PEREZ, Judge of the
293rd District Court of Maverick
County, Respondent.

No. 04–89–00523–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 17, 1990.

Nancy B. Barohn, San Antonio, for relator.

Rogelio Munoz, Asst. Dist. Atty., Uvalde, Alberto M. Ramon, Eagle Pass, Tim Cole, General Counsel, Austin, for respondent.

Before CADENA, C.J., and PEEPLES and BIERY, JJ.

OPINION

PER CURIAM.

This is an original mandamus proceeding. Relator Luis Minton, the duly elected County Commissioner of Precinct 4 in Maverick County, was removed from that office by order entered September 9, 1988, by Honorable Rey Perez, Judge of the 293rd Judicial District Court of Maverick County, respondent herein, pursuant to relator's criminal conviction for conspiracy to commit bribery. The acts for which relator was convicted occurred between January and July,

1986, at a time when relator was already serving a term as county commissioner. He was re-elected to that office in November, 1986, and was sworn in on January 1, 1987. In January 1988, relator was indicted for the offense of conspiracy to commit bribery and was convicted in July 1988 by a jury in a trial transferred to Webb County. Relator seeks reinstatement to his former position, as well as all emoluments of that office accrued during the period of his removal.

Relator urges that the recent supreme court decision in *Talamantez v. Strauss*, 774 S.W.2d 661 (Tex.1989), is dispositive of his contention that respondent had no authority to remove him from office. In *Talamantez* the Supreme Court of Texas sought to reconcile the provisions of sections 87.001 and 87.031 of the Local Government Code. The Court's reconciling of these two provisions in its two-paragraph per curiam opinion followed a literal reading of the former section and disregarded the latter section in its entirety. Section 87.001 provides:

> An officer may not be removed under this chapter for an act the officer committed before election to office.

TEX.LOCAL GOV'T CODE ANN. § 87.001 (Vernon 1988). Section 87.031 of the Code provides:

> (a) The *conviction* of a county officer by a petit jury for any felony or for a misdemeanor involving official misconduct *operates as an immediate removal from office* of that officer.
>
> (b) The court rendering judgment in such a case *shall* include an order removing the officer in the judgment.

TEX.LOCAL GOV'T CODE ANN. § 87.031 (Vernon 1988) (emphasis added). In holding that all the acts for which Talamantez (a county commissioner for Wilson County) was convicted were committed prior to his re-election, and finding that he could not be removed from office based on those acts, the supreme court nevertheless declined to explicitly overrule or otherwise qualify, or even to cite or discuss, longstanding precedent under the Texas Constitution and the predecessor statute to LOCAL GOV'T CODE § 87.031, which would mandate immediate removal of relator from office.

In *Sullivan v. State*, 572 S.W.2d 778 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.) and *Trevino v. Barrera*, 536 S.W.2d 75 (Tex.Civ.App.—San Antonio 1976, no writ) the courts held that former article 5968, TEX.REV.CIV.STAT.ANN., the predecessor statute to section 87.031, mandated automatic and immediate removal from the mere fact of *conviction* of a criminal offense. In other words, section 87.031 of the Local Government Code as well as article 5968, its predecessor, make the date of occurrence of the *acts* forming the basis of conviction irrelevant and immaterial. The issue becomes whether the officer is holding office at the time of conviction. If so, he is automatically removed. Section 87.031 is authorized under article XVI, section 2 of the Texas Constitution.

In *In re Laughlin*, 153 Tex. 183, 265 S.W.2d 805 (1954), the Supreme Court of Texas, in an original proceeding for removal of a district judge, refused to apply former article 5986, the statutory predecessor to section 87.001, and announced the "forgiveness doctrine." The court in *Laughlin* held:

> Neither may removal be predicated upon acts antedating election not in themselves disqualifying under the Constitution and laws of the State, when such acts were a matter of public record or otherwise known to the electors and were sanctioned and approved or forgiven by them at election.

*Id.* 265 S.W.2d at 808. Implicit in the *Laughlin* rationale is the premise that acts which were "disqualifying under the Constitution and laws of this State" are not forgivable and would not give rise to the "forgiveness doctrine." *See Matter of Bates*, 555 S.W.2d 420, 428 (Tex.1977). In *Bates*, the supreme court distinguished forgivable acts, which would not disqualify an officeholder from holding office under the laws and constitution of Texas, from acts which would not only result in removal but also bar the official from holding the office in the first place.

To interpret section 87.001 in the manner relator advocates so as to override section 87.031 would give substantive effect to a recodification of prior law. When a conflict exists between a former statute and a revision made pursuant to the legislature's directive to the Texas Legislative Council to make a nonsubstantive revision of the statutory law, the former statute will control. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 654–55 (Tex.1989). With the recodification of the Local Government Code, the "forgiveness doctrine," derived entirely from article 5986, was recodified in this section, which applies to county officers. The change in location from article 5986 to section 87.001 did not and could not affect the substantive meaning of the statute. In fact the Legislative Council responsible for the codification process lacks the authority to change the substance of existing law. It may merely rearrange statutes into a more easily accessible format, which is the stated purpose of the recodification scheme, but without making substantive change in the statutes. *See* TEX.GOV'T CODE ANN. § 323.007 (Vernon 1989). Further, the Code Construction Act prohibits the Legislative Council from altering the sense, meaning, or effect of a statute. *Id.* § 323.007(b).

Accordingly, the "forgiveness doctrine" as embodied in article 5986, and now in section 87.001, must be interpreted in light of case precedent. Under the former statute, voters could "forgive" the non-disqualifying wrongdoings of an officeholder with full knowledge of their commission by returning the candidate to office. The Supreme Court of Texas has repeatedly held, however, that article 5986 has limited application. Indeed, the court has held in circumstances virtually identical to the case at bar that article 5986 does not prevent the removal from office of an officeholder who is convicted of bribery or an act of official misconduct, even though the act occurred prior to the election. *See Matter of Bates,* 555 S.W.2d 420 (Tex.1977); *Matter of Carrillo,* 542 S.W.2d 105 (Tex.1976); *In re Brown,* 512 S.W.2d 317 (Tex.1974); *In re Laughlin,* 153 Tex. 183, 265 S.W.2d 805 (1954). Section 87.001's predecessor, article 5986, was in effect at the time of each of these decisions.

Moreover, we note that relator would be constitutionally disqualified from holding office as county commissioner pursuant to article XVI, section 2 of the Texas Constitution, which provides in pertinent part that laws shall be made to exclude from office "those who may have been or shall hereafter be convicted of bribery, perjury, forgery or other high crimes." Arguably, relator's conviction disqualifies him as a matter of constitutional law from holding the office regardless of when he committed the acts or when he was convicted of their commission. Section 87.031 of the Local Government Code merely provides that a conviction for such crimes operates as an immediate removal of the officer. We concur with the argument of respondent that to the extent that section 87.001 conflicts with article XVI, section 2, the constitution must prevail.

While we recognize the Supreme Court's attempted reconciliation of section 87.001 with section 87.031, we are still faced with a quarter century of precedent, and we are not satisfied that the two provisions have been reconciled. It is impossible to determine if there were unique factual circumstances present in *Talamantez* which dictated a result that departs so far from established case precedent. *Talamantez* does not address the constitutional implications involved in construing section 87.001 to bar removal of public officials convicted of criminal offenses simply because the conduct occurred before the last election. Because the factual and legal bases for that decision are unclear, we follow the longstanding case precedent construing the laws and constitution which dictate automatic removal from office upon conviction of a felony or misdemeanor involving misconduct. Accordingly, we find relator's petition for writ of mandamus to be without merit, and it is, therefore, denied.