

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

October 5, 1990

Honorable Ann W. Richards
State Treasurer
P. O. Box 12608
Capitol Station
Austin, Texas 78711

Opinion No. JM-1230

Re: Applicability of State Funds Reform Act, Government Code section 404.091, et seq., to fees collected by the Board of Medical Examiners (RQ-2115)

Dear Ms. Richards:

You have requested our opinion regarding the applicability of the State Funds Reform Act, Texas Government Code section 404.091, et seq., to fees collected by the Texas State Board of Medical Examiners.

Sections 404.091 through 404.094 provide:

### § 404.091. Short Title

This subchapter may be cited as the State Funds Reform Act.

### § 404.092. Definition

In this subchapter, "state agency" means an office, institution, or other agency that is in the executive branch of state government, has authority that is not limited to a geographical portion of the state, and was created by the constitution or a statute of this state, but does not include an institution of higher education as defined by Section 61.003, Education Code.

### § 404.093. Applicability of Subchapter; Exemptions

(a) This subchapter applies to a state agency only to the extent that it is not otherwise required to deposit funds in the treasury.

(b) This subchapter does not apply to:

(1) funds pledged to the payment of bonds, notes, or other debts if the funds are not otherwise required to be deposited in the treasury;

(2) funds held in trust or escrow for the benefit of a person or entity other than a state agency;

(3) funds set apart out of earnings derived from investment of funds held in trust for others, as administrative expenses of the trustee agency;

(4) funds, grants, donations, and proceeds from funds, grants, and donations, given in trust to the Texas State Library and Archives Commission for the establishment and maintenance of regional historical resource depositories and libraries in accordance with Section 441.074; or

(5) funds under the management of the secretary-treasurer of the Anatomical Board of the State of Texas, as provided by Article 4589, Revised Statutes.

§ 404.094. Funds to be Deposited in Treasury

(a) Fees, fines, penalties, taxes, charges, gifts, grants, donations, and other funds collected or received by a state agency under law shall be deposited in the treasury, credited to a special fund or funds, and subject to appropriation only for the purposes for which they are otherwise authorized to be expended or disbursed. A deposit shall be made at the earliest possible time that the treasury can accept those funds, but not later than the third business day after the date of receipt. However, if an agency determines that for seasonal or other extraordinary reasons deposits cannot be made by the third business day after the date of receipt, the agency shall provide written notice of the determination to the state auditor and treasurer with an explanation of the circumstances that require the delay. If

the state auditor finds that an agency has not complied with this subsection, the state auditor shall make an estimate of any resulting financial loss to the state, taking into consideration compliance costs that would have been additionally incurred by the agency, and report the amount to the legislative audit committee, the governor, and the treasurer.

(b) Money that is required by this subchapter or by another law to be deposited in the treasury shall be deposited to the credit of the general revenue fund unless the money is expressly required to be deposited to another fund, trust fund, or special account not in the general revenue fund. This subsection does not affect the authority of the comptroller or the treasurer to establish and use accounts necessary to manage and account for state revenues and expenditures.

The Medical Practice Act, article 4495b, V.T.C.S., creates two funds within the Board of Medical Examiners. Section 3.10(a) thereof provides:

(a) All annual registration fees collected by the board shall be placed in the State Treasury to the credit of the medical registration fund. The fees deposited to this special fund shall be credited to the appropriations of the board and may be spent only as provided by the General Appropriations Act, this Act, or other applicable statutes. Money in that fund may be used by the board and under its direction in the enforcement of this Act, the prohibition of the unlawful practice of medicine, the dissemination of information to prevent the violation of the laws, and the prosecution of those who violate the laws. All distributions from the fund may be made only upon written approval of the secretary-treasurer of the board or his designated representative, and the comptroller shall upon requisition of the board from time to time draw warrants upon the State Treasurer for the amounts specified in the requisition. (Emphasis added.)

Section 2.09(k) provides:

> (k) The board shall establish by rule a reasonable charge for those fees not specifically determined but authorized by this Act. The board may not waive collection of any fee or penalty. The board shall place all fees received under authority of this Act, not otherwise specified, into the _medical licensing fund_. _The board_ is authorized and _shall_ by annual budget _determine the manner of handling the funds_ and the purpose, consistent with this Act, for which the same may be used. The budgeted expenses authorized by the board shall not be a charge upon the general revenue of the state nor paid from the general revenue. (Emphasis added.)

Section 3.10(a) clearly requires that the board place "[a]ll annual registration fees . . . in the State Treasury to the credit of the medical registration fund." Thus, irrespective of the State Funds Reform Act, the Medical Practice Act itself directs that annual registration fees be deposited in the State Treasury.

Section 2.09(k) is silent as to the proper depository for fees that comprise the "medical licensing fund." The statute states merely that the Board of Medical Examiners "shall . . . determine the manner of handling the funds . . . ." On its face, this language is not inconsistent with the deposit of these funds in the Treasury, and, absent further inquiry into the relevant legislative history, a convincing argument could be made that the State Funds Reform Act applies to the "medical licensing fund." Indeed, both the State Auditor and the State Treasurer have made administrative determinations that fees attributable to the medical licensing fund must be placed in the Treasury. The rather convoluted history of that statute, however, requires a different conclusion.

As originally enacted in 1981, the State Funds Reform Act, then article 4393c, V.T.C.S., contained the following five exemptions:

> Sec. 3.    (a) This Act applies to each state agency only to the extent that it is not otherwise required to deposit funds in the state treasury.
>
> (b) This Act does not apply to:

   (1) funds pledged to the payment of bonds, notes, or other debts if the funds are not otherwise required to be deposited in the state treasury;

   (2) funds held in trust or escrow for the benefit of any person or entity other than a state agency;

   (3) funds set apart out of earnings derived from investment of funds held in trust for others, as administrative expenses of the trustee agency;

   (4) funds, grants, donations, and proceeds from funds, grants, and donations, given in trust to the Texas State Library and Archives Commission for the establishment and maintenance of regional historical resource depositories and libraries in accordance with Section 2A, Chapter 503, Acts of the 62nd Legislature, Regular Session, 1971, as amended (Article 5442b, Vernon's Texas Civil Statutes); or

   (5) the deposit of funds for state agencies subject to review under the Texas Sunset Act (Article 5429k, Vernon's Texas Civil Statutes) for 1981, which shall be determined by each agency's enabling statute.[1]

Acts 1981, 67th Leg., ch. 835, at 3189-90 (emphasis added).

   The Board of Medical Examiners is an agency that was subject to review under the Texas Sunset Act in 1981. As a result, the State Funds Reform Act, at least initially, was not applicable to the board.

   In 1985, the statute was amended three times. One amendment, Acts 1985, 69th Leg., ch. 479, § 93, at 1706, simply changed the statutory reference in the fifth

---

   1.   This provision was added as a house floor amendment. Debate on H.B. 1623 on the Floor of the House, 67th Leg. (Apr. 21, 1981) (tape available from House Technical Services).

exemption to the current designation.  Chapter 479 explicitly states that it is a  non-substantive revision.  Id. § 1,  at 1652-53.  Another amendment, Acts 1985, 69th Leg., ch.  485, § 8, at 2057-58, was  part of a bill  relating to the  State Anatomical Board, and it amended the State Funds Reform  Act by adding a sixth exemption.

Finally, the 69th Legislature amended the Treasury Act, and as  a part  thereof,  the State  Funds Reform  Act.   As adopted therein,  the  portion  regarding  exemptions,  section 4.003 of the act, provides:

> (a) This chapter applies to a state agency only to the extent  that it is not  otherwise required to deposit funds in the treasury.
>
> (b) This chapter does not apply to:
>
>> (1) funds  pledged  to the  payment  of bonds, notes, or other debts if the funds are not otherwise required to be deposited in the treasury;
>>
>> (2) funds held in  trust or escrow  for the benefit of a person or entity other  than a state agency;
>>
>> (3) funds  set  apart out  of  earnings derived from  investment  of  funds  held  in trust for others, as administrative  expenses of the trustee agency; or
>>
>> (4)  funds,  grants,  donations,  and proceeds from funds,  grants, and  donations, given in trust to the Texas State Library and Archives Commission for the establishment and maintenance of  regional historical  resource depositories and libraries in accordance with Section 2B,  Chapter 503,  Acts of  the  62nd Legislature,  Regular  Session,  1971  (Article 5442b, Vernon's Texas Civil Statutes).

Acts 1985, 69th Leg., ch. 240, at 1214-15.

It is not clear why  the exemption concerning the  1981 sunsetted agencies was omitted  from chapter 240.  The  fact that it was included in chapter 485 (relating to the Anatomical Board), a substantive revision, however, means that, in 1985, the  exemption continued  to be  a part  of the  State

Funds Reform Act, and, as such, it removed the Board of Medical Examiners from the purview of that statute.[2]    This result is supported by our discussion in Attorney General Opinion JM-479 (1986).

In 1987, the legislature codified the State Funds Reform Act as part of title 4 of the Government Code.    The portion relating to the exemptions, section 404.093 of the code, included the Anatomical Board exception, but omitted the exception regarding the agencies sunsetted in 1981.    The provision, as adopted, states:

> (a) This chapter applies to a state agency only to the extent that it is not otherwise required to deposit funds in the treasury.

> (b) This chapter does not apply to:

> (1) funds pledged to the payment of bonds, notes, or other debts if the funds are not otherwise required to be deposited in the treasury;

> (2) funds held in trust or escrow for the benefit of a person or entity other than a state agency;

> (3) funds set apart out of earnings derived from investment of funds held in trust for others, as administrative expenses of the trustee agency;

> (4) funds, grants, donations, and proceeds from funds, grants, and donations, given in trust to the Texas State Library and Archives Commission for the establishment and maintenance of regional historical resource depositories and libraries in accordance with Section 441.074; or

---

2.    Furthermore, section 2 of chapter 240 repeals certain other statutes, but not the exemption for sunsetted agencies.    In addition, it declares that "any amendment, revision, or reenactment if any of these statutes by the 69th Legislature is preserved and given effect as a part of this bill."    Id. at 1215.

> (5) funds under the management of the secretary-treasurer of the Anatomical Board of the State of Texas, as provided by Article 4589, Revised Statutes. (V.A.C.S. Art. 4393-1, Sec. 4.003.)

Acts 1987, 70th Leg., ch. 147, § 1, at 358. Chapter 147 specifically declares that it "is intended as a recodification only, and no substantive change in the law is intended by this Act." Acts 1987, 70th Leg., ch. 147, § 2, at 536. Nevertheless, title 4 of the Government Code, as issued in 1990 and as quoted at the beginning of this opinion, contains no reference to the now apparently forgotten exemption for agencies sunsetted in 1981.

Title 4 of the Government Code, as presently constituted, fails to offer any clue that the State Funds Reform Act is inapplicable to the Board of Medical Examiners, and absent examination of the historical circumstances, we, like the auditor and the treasurer, would certainly determine that the act applies to the board. The supreme court, however, has recently made clear that this is not a course available to us. In Johnson v. City of Fort Worth, 774 S.W.2d 653 (Tex. 1989), the court declared:

> When a conflict exists between a former statute and a revision made pursuant to the legislature's directive to the Texas Legislative Council to make a nonsubstantive revision of the statutory law, the former statute will control.

Id. at 654-55; see also Minton v. Perez, 783 S.W.2d 803, 805 (Tex. App. - San Antonio 1990, no pet.)

Accordingly, we are compelled to conclude that the State Funds Reform Act is not applicable to the Texas State Board of Medical Examiners.

### S U M M A R Y

The State Funds Reform Act, Texas Government Code section 404.091, et seq., is not applicable to fees collected by the Texas State Board of Medical Examiners. All annual registration fees collected by the board must, however, be deposited in the State

Treasury pursuant to section 3.10(a) of the Medical Practice Act, article 4495b, V.T.C.S.

Very truly yours,

**JIM MATTOX**
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Chairman, Opinion Committee